UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED 1/7/22
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

SYED IBRAHIM HUSSAIN,
SYED MUHAMMAD BAQIR HUSSAIN,

    Plaintiffs,

Case No. 3:22-cv-24-HES-MCR

v.

**JURY TRIAL DEMANDED**

SYED SAJID HUSSAIN,
PRIME INTERNATIONAL PROPERTIES LLC,
PRIME INTERNATIONAL PROPERTIES DUVAL LLC,
PRIME INTERNATIONAL PROPERTIES CLAY LLC,
MULTIPLE MEDICAL SPECIALIST LLC.

    Defendants.

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTION

Plaintiffs, SYED IBRAHIM HUSSAIN ("Mr. Hussain") and SYED MUHAMMAD BAQIR HUSSAIN ("Mr. Baqir"), Pro-Se, *join* herein, and allege:

1. This Action is brought by Plaintiffs for equitable relief and monetary damages, under the False Claims Act, 31 U.S.C. § 3730h.

2. It is also for equitable relief and monetary damages arising from gross negligence, negligence, or intentional violation, of provisions of the Controlled Substances Act, as per 21 U.S.C. § 841-843, or provisions involving the Obstruction of Justice, as under 18 U.S.C. Chapter 73, and other violations of federal law.

3. This Action is further for

    a. equitable relief of unjust enrichment and

    b. specific performance of a verbal agreement ("Agreement")

   under the "but-for" standards of the above.

**Verified Complaint**

1

4. Where state law guides to outcome thereof, it is used under 28 U.S.C. § 1652.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the action under 31 U.S.C. § 3730h(2) and 28 U.S.C. § 1331. Venue is proper in this judicial district under 31 U.S.C. § 3730h(2) and 28 U.S.C. § 1391(b).

6. This district is where a substantial part of the events or omissions giving rise to the causes of action herein occurred.

7. Defendants,
   a. Syed Sajid Hussain ("Dr. Hussain"),
   b. Prime International Properties LLC ("Prime"),
   c. Prime International Properties Duval LLC ("Prime Duval"),
   d. Prime International Properties Clay LLC ("Prime Clay"), and
   e. Multiple Medical Specialist ("MMS")

   are citizens of the United States and State of Florida.

   Dr. Hussain is principal actor and registered agent for the other Defendants.

8. All conditions precedent to the filing of suit have occurred, except that temporary restraining order (TRO) be issued to
   a. Protect equitable relief from irreparable harm
   b. Cease further retaliatory actions to reliably assess damages

## FACTUAL ALLEGATIONS

9. Mr. Hussain worked for Dr. Hussain from October 2018 to about June 15, 2021, as a full-time W-2 employee.

**Verified Complaint**

10. Mr. Hussain worked under his company of MMS and then under his company of Prime.

11. Dr. Hussain was on the verge of bankruptcy, prior to hiring Mr. Hussain.

12. Dr. Hussain's Agreement proposed benefits to offset what Mr. Hussain would be sacrificing.

13. Such Agreement was that Mr. Hussain would,

    a. restore specific businesses and properties and arrange for their sale,

    b. while preserving others,

    c. adjust Dr. Hussain's will to Islamic guidelines,

    d. fund his retirement plan,

    e. and net the remainder of Dr. Hussain's estate, in the living,

    in return for completing these objectives, with

    f. such other relative(s), having assisted thereof, getting portion commensurate with their assistance.

14. To that end, Dr. Hussain had MMS, Prime, and other entities,

    a. pay for Mr. Hussain's training to become

        i. Certified Financial Planner

        ii. Registered Investment Advisor, and

        iii. Accounting Technology Manager

    b. cover non-rent expenditures of $5,000 to $10,000 a month,

    c. waive rent for and have Mr. Hussain, his children, and their mom occupy, the homes set to be transferred to Mr. Hussain, inclusive of:

        i. 2339 Glenfinnan Drive, Orange Park, FL 32073

      ii. 2401 Island Club Way, Orlando, FL 32822, and

      iii. 3339 Deep Water Ct, Orlando, FL 32826,

with the latter already transferred in part.

15. Mr. Hussain had efficiently managed Dr. Hussain's previous medical practice. In that smaller task, he was paid about $250,000 annually.

16. Mr. Hussain converted a near-bankrupt estate into about $30,000,000 of net worth.

17. Such would exceed $80,000,000 if not for Dr. Hussain's dependency on a Schedule III controlled substance.

18. The dependency rose to numerous violations of federal law. This ran off Waseem H. Syed, paternal half-brother, of Mr. Hussain, among others.

19. From April 2020, Dr. Hussain begins abusing a form of testosterone, which could not be self-regulated.

20. Dr. Hussain's kidneys and liver begin to fail, which Mr. Hussain stabilizes. Mr. Hussain's long-ago battle with the same, and other drugs, alerted him to changes about to occur.

21. Mr. Hussain had to start working apart from Dr. Hussain to be of help to him.

22. Mr. Hussain learned of the illegality surrounding Dr. Hussain's drug use only after his termination.

23. Mr. Hussain and two other, later-enabling individuals, staged an intervention, in about April 2021. They expressed that Dr. Hussain's drug use led to

    a. a rift from his authentic personality, approachability, and listening skills

    b. behaviors resulting in theft and threats, to him and his family,

**Verified Complaint**

with the understanding that he would quit the drug and recklessness involved.

24. In April or May 2021, Dr. Hussain overdoses 350%, by taking 7 pellets.
25. Mr. Hussain just got done assisting the sale of Superior Clinical Labs, LLC.
26. Dr. Hussain insists Mr. Hussain have the buyer rent empty spaces in two buildings. Mr. Hussain had a broker on standby to get them filled.
27. In weeks prior to termination, Dr. Hussain continually insists on illegal leases. Mr. Hussain tries to explain the illegality. Dr. Hussain insists, "just do it the way I'm telling you". Mr. Hussain refuses and Dr. Hussain leaves. As he's leaving, he mumbles "okay...I'll just sell the Orlando house."
28. On about June 15, 2021, Plaintiffs had a final meeting with the prospective tenant. We confirmed that proceeding with the leases demanded would violate the *False Claims Act*.
29. After the meeting, Mr. Baqir confirms that Dr. Hussain had already begun retaliating. Such act was the putting up for sale, via Prime Clay, of 3339 Deep Water Ct., Orlando, FL 32826, which was
    a. otherwise promised to Mr. Hussain,
    b. already partially transferred,
    c. being used to visit his children when he would go to Orlando, and
    d. at which he was already living temporarily.
30. Dr. Hussain leaves the Plaintiffs with no choice but to either join in the proposed crime or leave their employment. As such, Plaintiffs are constructively discharged by force.
31. By such wrongful termination, Mr. Hussain also loses,

**Verified Complaint**

   a. a $5 million opportunity he was days from securing on 5115 Ortega Farm Blvd., Jacksonville, FL 32210,

   b. a $6 million closing he arranged on an assisted living facility.

   c. the benefit of any and all actions set to occur prior to Dr. Hussain's retirement

32. In the same day we're informed that Dr. Hussain has put up for sale, via Prime Duval, 2401 Island Club Way, Orlando, FL, 32822.

33. Plaintiffs communicate to Dr. Hussain that they could continue work if,

   a. he gets treatment for his drug abuse ("abuse", by way of illegality)

   b. refuses to commit *False Claims Act* violations.

   One was by text from Mr. Hussain and the other was by email of Mr. Baqir.

34. Dr. Hussain's response to Mr. Baqir, then age 17, was to

   a. steal Mr. Baqir's email address,

   b. inflict nonphysical child abuse, *resulting in mental injury,* and

   c. place Mr. Baqir, who is Mr. Hussain's son, into shock and depression, from which he has not recovered.

35. In fear that Plaintiffs' main home at 2339 Glenfinnan Drive, Orange Park, FL 32073 might be next, Plaintiffs send letter informing Dr. Hussain

   a. to cease all retaliation,

   b. that they have begun informing authorities

36. Mr. Hussain contacts the Florida's DOH. Neglect and delays compound with the wrong timing, test, and method. This becomes like a "weapon" in Dr. Hussain's hand.

**Verified Complaint**

6

37. The Florida Inspector General had to intervene. However, guidelines by FBI's Public Corruption program advised funneling it federally.

38. This too resulted in a mishandling by its recipient, which is preserved for torts outside the scope of the instant filing.

39. On, and in the week prior to, July 26th, Dr. Hussain and an attorney carry out a 3-felony *by-proxy* attack at the Jacksonville federal courthouse. It succeeds in impairing the livelihood and lawful employment of Mr. Hussain. It culminates at about 9:30am. It was an effort to

    a. retaliate against divulging information to authorities

    b. intimidate Mr. Hussain from the further divulgence of truth.

40. This incident required Mr. Hussain to produce *prima facie* evidence sufficient to establish him as *veritas insuperabilis* ("truth insurmountable") or be otherwise condemned.

41. Plaintiffs, by doing so, managed to discover that they, and 2 other individuals, are thus witness-victims, with witness to about 650, and victim to up to 200, counts of controlled substance offenses occurring by, or under, the orders or supervision of Dr. Hussain.

42. They likewise learn of the additional rights and Chapter 73 protections they are thus afforded and have asserted them, when necessary, with Mr. Sessions being the only attorney of Defendants as of yet who has been persistent in flaunting them, as the facts below will show, by the irreparable harm now, and yet otherwise, still threatened.

**Verified Complaint**

7

43. Plaintiffs send cease-and-desist letter cited to laws. It asks Defendants desist from approaching, changing the status quo of, or trying to sell the homes in which we live.

44. Attorney Jerry Sessions sends a notice to leave my home in 30 days, violating about 3 laws.

45. Being that Jerry Sessions was perhaps not informed of the prior letter, a new letter is sent to him. This letter puts him on direct notice that Dr. Hussain used him to commit violations of law, which likewise void the notice. He is also asked to get the previous letter from Dr. Hussain that he might become familiar.

46. On October 13, 2021, via a third attorney, Dr. Hussain files a retaliatory eviction against the mother of Mr. Hussain's children, at 2401 Island Club Way, Orlando, FL 32822. She files response that would sufficiently attach *mens rhea* of felonies, involved in such action, by submitting the notices that had already gone to Jerry Sessions.

47. On November 11, 2021, such attorney rightfully dismisses the eviction.

48. Just 6 days after that dismissal, Jerry Sessions, the attorney aware of the notices and letters he's been given, files retaliatory evictions, via Prime Duval, on both the mother of Mr. Hussain's children, at 2401 Island Club Way, Orlando, FL 32822, and even on our main home at 2339 Glenfinnan Dr, Orange Park, FL 32073.

49. In the two prior times tenant defenses were raised, a hearing date was provided, which Plaintiffs expected to occur here as well.

50. However, the combination of the

**Verified Complaint**

   a. manner of Jerry Sessions' filing for eviction,

   b. in such county, and before such judge, as filed,

   c. concealing of facts *material* to barring such filing, of which Mr. Sessions was aware (Exhibit A),

managed to acquire, whether by fraud upon the court, or otherwise, *summary* judgment for eviction, cited to no law, providing no hearing, and responding to no motions.

51. A day later, *writ of possession* issues, threatening to remove Mr. Hussain's family from their home of 3 years.

52. Such writ suddenly puts Mr. Hussain into an "impossible" situation, if to avoid irreparable harm.

53. Moreover, such writ had issued the day before the courthouse closed, attorneys would be on vacation, and Plaintiffs' government contacts would also be unavailable.

54. By those facts combining with,

   a. Notice of appeal not granting automatic stay, and

   b. that such writ, in Florida, could be executed on Christmas,

a void of process thus condemned the annual tradition of Mr. Hussain and his children to visit his mother, while helpless to the irreparable harm of being removed from their home.

55. In that not even superseding law, nor that such were available to speak for it, could hope to avail the courts of the offense to which Mr. Sessions attached, even by concealing the material fact to which he was aware, Mr. Hussain had to

**Verified Complaint**

9

file a petition for bankruptcy, rerouted to the laws that barred Mr. Session's action, until such Court or government be available to restore the rule of law.

## CLAIMS

### COUNT 1
### 31 U.S.C. § 3730(h), 42 U.S.C. § 1320a-7b, 1395nn

56. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 above.

57. By the conduct of Defendants described above, Defendants wrongfully retaliated against Plaintiffs, contrary to the provisions of 31 U.S.C. § 3730(h) for refusing to violate the *False Claims Act*, by method of violating the *Anti-Kickback Statute* (42 U.S.C. § 1320a-7b) and *Starke Law* (42 U.S.C. § 1395nn).

58. Plaintiffs have been damaged by Defendants' wrongful conduct.

59. By the ongoing portions of Defendants' conduct described above, including the non-monetary impositions and damages still sustained or threatened, Defendants continue to wrongfully retaliate against Plaintiffs, contrary to the provisions of 31 U.S.C. § 3730(h) for refusing to violate the *False Claims Act*, by violating the certified compliance required thereunder, as to the *Anti-Kickback Statute* (42 U.S.C. § 1320a-7b) and *Starke Law* (42 U.S.C. § 1395nn).

60. By the conduct of Defendants described above, such retaliation is not likely to cease harming equitable interests, neither on behalf of a sworn claim or *prima facie* showing, nor in notice or warning thereof, if on the part of Plaintiffs.

### COUNT 2
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 above.

62. Defendants' acted with intent or recklessness.

**Verified Complaint**

63. Defendants' conduct towards Plaintiffs was extreme and outrageous.

64. Defendants' outrageous acts were the cause of emotional distress.

65. The Plaintiffs suffered, and thereof suffer, emotional distress.

## COUNT 3
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)

66. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 above.

67. Defendants owed a duty to Plaintiffs to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable federal law.

68. Defendants' conduct towards Plaintiffs resulted in a breach of Defendants' duties to act as reasonable, prudent persons.

69. Emotional distress was a field of danger that Defendants should reasonably have anticipated and guarded against.

70. As a result of Defendants' breach of their duties, Plaintiffs suffered legally compensable emotional distress damages.

## JURY DEMAND

Plaintiffs hereby demand a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court grant the following relief:

1. For a temporary restraining order, a preliminary and a permanent injunction, which enjoins permanently and restrains during the pendency of this action, Defendants and other persons acting in concert with them from intentionally or negligently inflicting further acts of retaliation, emotional distress, or equitable injury thereof.

**Verified Complaint**

2. On Count 1, front pay in place of reinstatement, given other threatening concerns, two times back pay, interest on the back pay, and compensation for pain and suffering, reputational damage, and all other damages sustained by Plaintiffs, including by such retaliation's criminal severity of damages.

3. For specific performance, as to monetary, and constructive trusts, as to equitable, to reverse unjust enrichment.

4. For damages, as applicable herein, to be determined by jury, according to proof.

5. An award of reasonable attorneys' fees and costs, in anticipation thereof; and

6. For such additional relief as the Court deem just and proper.

DATED this 6th day of January, 2022.

By:

_____
SYED IBRAHIM HUSSAIN
Pro-Se Litigant
2339 Glenfinnan Drive,
Orange Park, FL 32073
(904) 947-1816


_____
SYED MUHAMMAD BAQIR HUSSAIN
Pro-Se Litigant
2339 Glenfinnan Drive,
Orange Park, FL 32073
(904) 708-3243
baqrehabalt@yahoo.com

**Verified Complaint**

## VERIFICATION

I, Syed Ibrahim Hussain, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of America. I am both RIA(Registered Investment Advisor) – eligible, a CFP(Certified Financial Planner)-in-training, and I have, in the past, completed a Bachelor of Science at the University of Florida, as well as three years of medical school.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint and Request for Injunction*, and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of the activities, in regards to myself, the other Plaintiff, and the Defendants, including for the allegations set out in the foregoing *Verified Complaint and Request for Injunction*, and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements and allegations in this Complaint, for which I have personal knowledge are true and that I likewise believe any other allegation therein to be true based on the evidence available thereof.

Executed on January 7, 2022.

_____
Syed Ibrahim Hussain

**Verified Complaint**

## VERIFICATION

I, Syed Muhammad Baqir Hussain, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Florida.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint and Request for Injunction*, in which I, personally, or Plaintiffs together, are mentioned, and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of the activities, in regards to myself, the other Plaintiff, and the Defendants, including for the allegations set out in the foregoing *Verified Complaint and Request for Injunction*, and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning that which I have personal knowledge to be true and correct and that I likewise believe that any other factual statement thereof to be true based on the evidence available to me thereof.

Executed on January 7, 2022.

_____
Syed Muhammad Baqir Hussain

**Verified Complaint**

## Certificate of Service

We, Syed Ibrahim Hussain and Syed Muhammad Baqir Hussain, hereby *join* in certifying that the foregoing complaint will be served as soon as the summons is available, on the following attorney, representing the Defendants, by certified, express, and/or electronic mail:

Jerry L. Sessions, II
Fla. Bar No.: 848735
301 West Bay Street, Suite 1400
Jacksonville, FL 32202
Atty.Sessions@gmail.com


_____
Syed Ibrahim Hussain,
Pro-Se Litigant
2339 Glenfinnan Drive
Orange Park, FL 32073
(904) 947-1816


_____
Syed Muhammad Baqir Hussain
Pro-Se Litigant
2339 Glenfinnan Drive
Orange Park, FL 32073
(904) 708-3243

**Verified Complaint**