**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SYED IBRAHIM HUSSAIN and
SYED MUHAMMAD BAQIR
HUSSAIN,

      Plaintiffs,

                                        Case No. 3:22-cv-24-MMH-MCR

vs.

SYED SAJID HUSSAIN, et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiffs initiated this action on January 7, 2022, with the filing of a Verified Complaint and Request for Injunction (Doc. 1; Complaint). In the Complaint, Plaintiffs name the following Defendants: Syed Sajid Hussain (Dr. Hussain), Prime International Properties LLC (Prime), Prime International Properties Duval LLC (Prime Duval), Prime International Properties Clay LLC (Prime Clay), and Multiple Medical Specialist (MMS). See Complaint at 1. Plaintiffs set forth three causes of action: retaliation under the False Claims Act, 31 U.S.C. 3730(h), intentional infliction of emotional distress, and negligent infliction of emotional distress. Id. at 10-11. Although difficult to discern, Plaintiffs' claims appear to be premised on allegations that Dr. Hussain is retaliating against Plaintiffs for

refusing to participate in a purportedly illegal kickback scheme. According to Plaintiffs, Dr. Hussain is retaliating against them by, among other things, trying to evict Plaintiffs and their family members from their homes. Simultaneously with the filing of the Complaint, Plaintiff filed an Emergency Ex-Parte Motion for Temporary Restraining Order with Order of Stay on State Proceedings (Doc. 2; Motion).

Significantly, this is not the first time Plaintiffs have initiated a lawsuit and requested emergency relief based on these same alleged facts. On November 15, 2021, Plaintiffs filed Plaintiffs' Emergency Ex-Parte Complaint and Request for Temporary Restraining Order to Issue Without Notice, Barring Civil Harassment and Dissipation of Assets (2021 Complaint) premised on the same allegations, against almost entirely the same Defendants, in which they also assert a claim for retaliation under the False Claims Act. See Hussain v. Hussain, Case No. 3:21-cv-1140-MMH-MCR (M.D. Fla. filed Nov. 15, 2021). In that case, the Court struck the initial complaint and denied Plaintiffs' embedded request for a temporary restraining order without prejudice to the filing of an appropriate motion. See November 17, 2021 Order. Thereafter, on December 8, 2021, Plaintiffs filed Plaintiffs' Amended Complaint of "Emergency Ex-Parte Complaint and Request for Temporary Restraining Order to Issue Without Notice, Barring Civil Harassment and Dissipation of Assets" Filed November

15, 2021 (2021 Amended Complaint). Once again, Plaintiffs embedded within their pleading a request for a temporary restraining order, and the Court denied this request in an Order dated December 13, 2021. See December 13, 2021 Order. Thus, Plaintiffs' new lawsuit appears to be an attempt to avoid the Court's prior rulings on their request for a temporary restraining order and circumvent Rule 15, Federal Rules of Civil Procedure, which would require Plaintiffs to obtain leave of Court to amend their pleading a second time.

"'[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights.'" See Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 841 (11th Cir. 2017) (quoting Greene v. H&R Block E. Enters., Inc., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)); see also Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985) (explaining that plaintiffs have "'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]'" (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977))). Known as the claim-splitting doctrine, the Eleventh Circuit Court of Appeals instructs that "'a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" See Vanover, 857 F.3d at 841 (quoting Greene, 727 F. Supp. 2d at 1367). This doctrine is designed to ensure "'fairness to

3

litigants and . . . conserve[] judicial resources.'" Id. (citation omitted). Indeed, "'the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation.'" Id. (quoting Katz v. Gerardi, 655 F.3d 1212, 1218-19 (10th Cir. 2011)).

To determine whether the claim-splitting doctrine applies, courts analyze the following two factors: "'(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions.'" Id. at 841-42 (quoting Khan v. H & R Block E. Enters., Inc., No. 11-20335-Civ, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011)). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." Id. As stated above, the parties in these two actions are nearly identical.[1] In addition, these two cases involve the same nucleus of operative facts—Dr. Hussain's purported kickback scheme, Plaintiffs' refusal to participate, and Dr. Hussain's efforts to evict Plaintiffs in alleged retaliation. Although Plaintiffs assert two new causes of action in this case, the new claims arise out of the same operative facts and thus do not prevent application of the claim-splitting doctrine. Id. at 843. Accordingly, the Complaint is due to be dismissed.

---

[1] Although this case involves one additional Defendant, MMS, this entity is alleged to be merely another one of Dr. Hussain's business entities. See Complaint ¶ 7.

4

Although the Court would ordinarily provide pro se litigants with leave to amend prior to dismissal, amendment would be futile under these circumstances as this case is entirely duplicative of Plaintiffs' earlier-filed suit which remains pending before the undersigned. See Murray v. US Bank, N.A. for J.P. Morgan Mortg. Trust 2007-S3, No. 18-cv-80159-BLOOM/Reinhart, 2018 WL 3439451, at *4 (S.D. Fla. July 17, 2018). To the extent Plaintiffs seek to assert additional claims or name a new Defendant, they should file a motion for leave to amend their pleadings in the original lawsuit.[2]

In light of the foregoing, it is

**ORDERED**:

1. The claims set forth in the Verified Complaint and Request for Injunction (Doc. 1) are **DISMISSED without prejudice**.

---

[2] In light of the foregoing, the Court need not address the Motion. However, the Court refers Plaintiffs to the Court's December 13, 2021 Order in the first-filed case in which the Court explained that the Anti-Injunction Act, 28 U.S.C. § 2283, likely precludes this Court from issuing a stay of the pending state court eviction proceedings, as Plaintiffs appear to request. See December 13, 2021 Order at 3 n.1. In the instant Motion, despite the Court's prior admonition, Plaintiffs fail to address the Anti-Injunction Act or cite any authority indicating that the relief they seek is not subject to its prohibitions.

2. The Clerk of the Court is **directed** to terminate any pending motions or deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of January, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties