UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYED IBRAHIM HUSSAIN and
SYED MUHAMMAD BAQIR
HUSSAIN,

      Plaintiffs,

vs.                                   Case No. 3:22-cv-24-MMH-MCR

SYED SAJID HUSSAIN, et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Ex-Parte Motion to Reconsider Order to Close File and Review Complaint and Motion De Novo to Preserve the Clerical and Transparent Interests of Justice (Doc. 7; Motion) and Plaintiffs' Emergency Motion to Amend, as a Matter of Course, Order Requested in Prior Motion as Follows (Doc. 8; Amended Motion), both filed on January 19, 2022. Although much of the Motion is indecipherable, it appears Plaintiffs seek reconsideration of the Court's January 12, 2022 Order (Doc. 6) dismissing this case without prejudice. In addition, Plaintiffs request that the Court unseal this case, but ask the Court to keep the January 12, 2022 Order, the Motion, the Amended Motion and any order issued on those Motions under seal. See Motion at 8-9; Amended Motion at 1.

As an initial matter, the Court has reviewed the case file and can discern no basis for this matter to be filed under seal.  Significantly, Plaintiffs did not include a motion to file under seal when they initiated the case, and it appears to have been placed under seal as a matter of course in light of Plaintiffs' reference to the False Claims Act.  However, while Plaintiffs do invoke the False Claims Act in their pleading, what they assert is a claim for retaliation under 31 U.S.C. § 3730(h) which, unlike a qui tam action, is not statutorily required to be kept under seal.  Compare 31 U.S.C. § 3730(h) with 31 U.S.C. § 3730(b)(2).  As such, the Court will direct the Clerk of the Court to unseal this action.  To the extent Plaintiffs request that certain filings in this case remain under seal, Plaintiffs have offered no justification or legal support for this request.  See Amended Motion.  As such, the Court will deny this request without prejudice to Plaintiffs filing a proper motion to seal which addresses the requirements of Local Rule 1.11, United States District Court, Middle District of Florida (Local Rule(s)).

To the extent Plaintiffs move for reconsideration of the Court's January 12, 2022 Order, this request is also due to be denied.  As best the Court can decipher, Plaintiffs contend that the Court should vacate its Order dismissing this case because this matter is not duplicative of Plaintiffs' earlier-filed case, Hussain v. Hussain, 3:21-cv-1140-MMH-MCR (M.D. Fla. filed Nov. 15, 2021)

(Hussain I), which remains pending in this Court. According to Plaintiffs, Hussain I is not a "lawsuit" but rather some form of action designed to obtain protection under the Crime Victims' Rights Act (CVRA), 18 U.S.C. 3771. Plaintiffs explain that they intend this lawsuit to constitute their actual civil case in which they set forth their claims for damages. Plaintiffs' arguments are unavailing.

Whatever they intended, in Hussain I, Plaintiffs filed a complaint which commenced a civil action. See Rule 3, Federal Rules of Civil Procedure (Rule(s)). As explained in the January 12, 2022 Order, the claims asserted in Hussain I are against the same Defendants and based on the same nucleus of operative facts as this case, a point which Plaintiffs do not dispute in the instant Motion. Moreover, although Plaintiffs argue that Hussain I is premised solely on the Crime Victims' Rights Act, this contention is belied by the pleadings which include a purported claim for retaliation under the False Claims Act, the same cause of action alleged in Count I of the Complaint (Doc. 1) in this lawsuit. See Hussain I, Amended Complaint at 7. Because Hussain I remains pending in this Court, the claim-splitting rule bars Plaintiffs from proceeding with this

second, duplicative action.[1]  As such, the Motion for Reconsideration is due to be denied.

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of the Court is directed to **unseal** this matter in its entirety.

2. Plaintiffs' Emergency Ex-Parte Motion to Reconsider Order to Close File and Review Complaint and Motion De Novo to Preserve the Clerical and Transparent Interests of Justice (Doc. 7) and Plaintiffs' Emergency Motion to Amend, as a Matter of Course, Order Requested in Prior Motion as Follows (Doc. 8) are **DENIED without prejudice, in part, and otherwise DENIED.**

---

[1] In light of Plaintiffs' characterization of their initial lawsuit as one intended solely to invoke the protections of the Crime Victims' Rights Act (CVRA), the Court takes this opportunity to caution Plaintiffs that under binding Eleventh Circuit precedent, the CVRA does not "create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it."  See In re Wild, 994 F.3d 1244, 1257 (11th Cir. 2021); see also id. at 1269 ("[T]he CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding.").  Thus, to the extent Plaintiffs filed Hussain I merely as a means of enforcing their rights under the CVRA, it is likely to be unavailing.  As explained in the January 12, 2022 Order, if Plaintiffs wish to amend their Amended Complaint in Hussain I, they must file a motion for leave to do so.  If Plaintiffs no longer wish to proceed with that lawsuit, they may voluntarily dismiss it under Rule 41.  Regardless, this action remains closed.

      A. The Motion and Amended Motion are **DENIED without prejudice** to the filing of a proper motion to seal in accordance with Local Rule 1.11.

      B. Otherwise, the Motion and Amended Motion are **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of January, 2022.

                                          MARCIA MORALES HOWARD
                                          United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties